UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADRIAN GREEN, | CASE NO: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| COMPLETE CREDIT SOLUTIONS, INC. | |
| Defendant. | January 24, 2024 |

NOW COMES, the Plaintiff, ADRIAN GREEN (hereinafter, the "Plaintiff"), by and through the LAW OFFICES OF JOSHUA B. KONS, LLC, and for his complaint against the Defendant, Complete Credit Solutions, Inc. (hereinafter, the "Defendant"), the Plaintiff states as follows:

## I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 U.S.C. §1692*, et seq, and the Connecticut Creditors' Collections Practices Act ("CCPA").

## II.     JURISDICTION & VENUE

2.     Plaintiff brings this action under *15 U.S.C. §1692k*, asserting original jurisdiction of this court for civil actions arising under the laws of the United States.

3. Plaintiff also brings certain claims as denoted herein pursuant to *28 U.S.C. §1367*, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

4. Venue is proper in this district pursuant to *28 U.S.C. §1391(b)*.

5. Defendant conducted business in the state of Connecticut, and therefore, personal jurisdiction is established.

### III.   PARTIES

6. ADRIAN GREEN is an individual who was at all relevant times residing in the city of Vernon, Connecticut. Vernon is situated in the District of Connecticut.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. §1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. §1692a(5)*.

8. DEFENDANT COMPLETE CREDIT SOLUTIONS, INC. is a business entity that in the ordinary course of business regularly, on behalf of itself or others, engages in consumer debt collection in the State of Connecticut. Complete Credit Solutions, Inc. is a national company with its principal place of business in Bedford, Texas.

9. At all relevant times, Defendant Complete Credit Solutions, Inc. was a debt collector as that term is defined by *15 U.S.C. §1692a(6)* and sought to collect a consumer debt from Plaintiff, and was at all relevant times a creditor as the term is defined by *Conn. Gen. Stat. § 36a-645*, et seq. as Complete Credit Solutions, Inc. purported to have purchased the debt at issue. Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. In or about April 14, 2017 Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by *15 U.S.C. §1692a(5)*, namely, an alarm system contract with ADT (aka Defenders) that was used to protect their primary residence against burglary (the "ADT Debt").

11. Due to various technological issues with the ADT/Defenders service, the Plaintiff ultimately cancelled their contract with ADT/Defenders and received a refund of amounts paid under the contract through cancellation. Plaintiff reasonably believed and understood that this cancellation and refund represented the conclusion of this consumer contractual obligation without further liability to the Plaintiff.

12. In April 2020, Plaintiff ordered a copy of his credit report. To his surprise, this credit report reflected an open, past due account reported by Complete Credit Solutions, Inc. in the amount of $629.27.

13. Confused as to what this firm was and what this debt related to, in June 2020, Plaintiff sent Defendant a debt validation request letter requesting proof of the agreement and purchase contract for the debt. Defendant did not respond to this request. Upon information and belief, Defendant did in fact purchase the ADT Debt and purportedly became a creditor of the Plaintiff.

14. Thereafter, in August 2020, Plaintiff disputed this debt with various credit reporting agencies and sent a second debt validation letter to Defendant.

15. Although Defendant did not respond, in July 2021 ADT/Defendants sent Plaintiff a letter stating that the Plaintiff had a zero balance on the account.

16. Despite this zero balance, Defendant continued to report the this debt as open and past due. Plaintiff continued to send debt validation letters to Defendant without response until January

2022, when Defendant contacted the Plaintiff. Plaintiff requested that Defendant cease contacting him except if it is in response to the debt validation letters he had sent.

17. Instead of respecting his request, on or about February 2, 2022, a representative of Defendant contacted the Plaintiff using obscene and profane language, and other language that would be considered harassing to an ordinary consumer in connection with a demand to pay the ADT Debt.

18. Thereafter, although Plaintiff continued to seek validation of the ADT Debt from Defendant, it failed to do so. Yet, it continued to report this debt on the Plaintiff's credit report as open and past due even though it knew or should have known the Plaintiff had no further liability on the ADT Debt.

19. In April 2023, the Plaintiff sent yet another debt validation letter as set forth in 15 U.S. Code § 1692g(b), which Defendant failed to respond to.

20. Despite Plaintiff's years long efforts to get the Defendant to validate the debt and to reflect cease reporting it as open and past due on Plaintiff's credit reports despite the fact that Plaintiff had no liability on the debt, Defendant continued to attempt to collect a debt in an amount that was factually incorrect within the past twelve months.

21. As a result of the Defendant's attempts to collect on a debt in an amount which they had no legal right to collect on, the above-described collection activity that the Defendant engaged in were made in violation of numerous and multiple provisions of the FDCPA and CCPA.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well suffered from a diminished credit score as a direct result of Defendant's reporting the ADT Debt as open and past

due, which caused a denial of a mortgage for a primary residence (at interest rates far lower than they are today), as well as the loss of a prospective job.

## VI. CAUSES OF ACTION

**COUNT I: DEFENDANT VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

24. Defendant is a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

25. Plaintiff is a "consumer" as defined by *15 U.S.C. §1692c(d)* and *15 U.S.C. §1692a(3)*.

26. Defendant's actions violated the Federal Fair Debt Collection Practices Act ("FDCPA"). Defendant's violations include, but are not limited to, the following:

(a) Attempting to collect a debt amount that is not expressly authorized by an agreement or permitted by law in violation of *15 U.S.C. §1692f(1)*.

(b) Falsely representing the character, amount, or legal status of the ADT Debt in violation of *15 U.S.C. §1692e(2)(A)*.

(c) Threatening to take an action that cannot legally be taken in violation of *15 U.S.C. §1692e(C)(5)*.

(d) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of *15 U.S.C. §1692e(C)(10)*.

(e) By failing to validate the ADT Debt within thirty (30) days of the April 2023 request as required by *15 U.S. Code § 1692g(b)*.

27. As a proximate result of the above-mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration,

upset, humiliation, embarrassment, amongst other negative emotions, as well as all damages stemming directly from a diminished credit score as a direct result of the ADT Debt showing as open and past due.

28.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *15 U.S.C. §1692k(a)(1)*, statutory damages in the amount of $1,000 pursuant to *15 U.S.C. §1692k(a)(2)(A)*, and reasonable attorneys' fees and costs pursuant to *15 U.S.C. §1692k(a)(3)*.

### COUNT II: DEFENDANT VIOLATED THE CONNECTICUT CREDITORS' COLLECTION PRACTICES ACT
### (As to Defendant Citibank)

29.     Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

30.     Defendant is a "creditor" as defined by *Conn. Gen. Stat. § 36a-645(2)*.

31.     Plaintiff is a "consumer debtor" as defined by *Conn. Gen. Stat. § 36a-645(1)*.

32.      Defendant's actions as described above violated the Connecticut Creditors Collection Practices Act ("CCPA") by using abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt.

33.     As a direct and proximate result of the above-mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as all damages stemming directly from a diminished credit score as a direct result of the ADT Debt showing as open and past due.

34.     As a result of Defendant's violations of the CCPA, Plaintiff is entitled to actual damages pursuant to *Conn. Gen. Stat. § 36a-648(a)(1)*, statutory damages in the amount of $1,000

pursuant to *Conn. Gen. Stat. § 36a-648(a)(2)*, and reasonable attorneys' fees and costs pursuant to *Conn. Gen. Stat. § 36a-648(a)(3)*.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff ADRIAN GREEN, by and through his attorney, respectfully requests that request that this Court find that the Defendant has violated the FDCPA and the CCPA, and respectfully requests judgment be entered against Defendant for the following:

1. All actual compensatory damages suffered pursuant to the *15 U.S.C. §1692k(a)(1)* and *Conn. Gen. Stat. § 36a-648(a)(1)*;

2. Statutory damages of $1,000.00 pursuant to *15 U.S.C. §1692k(a)(2)(A)* and *Conn. Gen. Stat. § 36a-648(a)(2)*;

3. Costs and reasonable attorneys' fees pursuant to the *15 U.S.C. §1692k(a)(3)* and *Conn. Gen. Stat. § 36a-648(a)(3)*;

4. Such other and further relief as may be just and proper.

Dated this January 24, 2024

        Respectfully submitted,
        **ADRIAN GREEN**


        By: /s/ Joshua B. Kons
        Joshua B. Kons (ct29159)
        LAW OFFICES OF JOSHUA B. KONS, LLC
        92 Hopmeadow Street, Suite 205
        Weatogue, CT 06089
        T: 860-920-5181
        E: joshuakons@konslaw.com